

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-22-00197-CR

VIVIAN GLORIA PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 207th District Court
Comal County, Texas,
Trial Court No. CR2018-471, Honorable Dib Waldrip, Presiding

July 18, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Vivian Gloria Pena, was charged with assault against emergency services personnel.[1]  By amended indictment, the State alleged Appellant "did then and

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a) and (b)(5).  The statute provides: "A person commits an offense if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse[.]"  *Id.* at (a)(1).  "An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against a person the actor knows is emergency services personnel while the person is providing emergency services[.]"  TEX. PENAL CODE ANN. § (b)(5).  "'Emergency services personnel' includes firefighters, emergency medical services personnel as defined by Section 773.003, Health and Safety Code, emergency room personnel, and other individuals who, in the course and scope of employment or as a volunteer, provide services for the benefit of the general public during emergency situations."  TEX. PENAL CODE ANN. § 22.01(e)(1).  "'Emergency medical services personnel' means emergency care attendant; emergency medical technicians; advanced

there, intentionally [and] knowingly, or recklessly cause bodily injury to [Complainant] by biting the [Complainant] with the teeth of the [Appellant] and grabbing the [Complainant] with the hand of the [Appellant], and the [Appellant] knew the [Complainant] was an emergency services personnel providing emergency services." (alteration added). A jury convicted Appellant of the charged offense, and the court assessed punishment at five years of confinement, probated for five years.[2] This appeal followed.[3]

Appellant's counsel has filed a motion to withdraw, supported by an *Anders*[4] brief. We grant counsel's motion and affirm the judgment of the trial court.

Appellant's counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Via an explanatory letter to Appellant, counsel provided Appellant with his motion to withdraw and a copy of his *Anders* brief. Counsel represented in his letter to Appellant that he would transmit by email the appellate record in pdf format. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of the right to file a pro se response to counsel's *Anders*

---

emergency medical technicians; emergency medical technicians—paramedic; or licensed paramedic." TEX. HEALTH & SAFETY CODE ANN. § 773.003 (10)(A)–(E).

[2] An offense under section 22.01(b)(5) is a felony of the third degree. TEX. PENAL CODE ANN. § 22.01(b)(5).

[3] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[4] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

brief.  To date, Appellant has not filed a response or otherwise communicated with the Court.

We have carefully reviewed counsel's *Anders* brief and conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal.  *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

**Conclusion**

Counsel's motion to withdraw is granted.  The trial court's judgment is affirmed.[5]


Lawrence M. Doss
Justice

Do not publish.

---

[5] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n. 33.